**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

RANDY T. MAYO
ADC # 134578                                                                                                PLAINTIFF

V.                                         2:09CV00067 JLH/HDY

LARRY NORRIS *et al.*                                                                                  DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Chief Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, who is currently confined at the East Arkansas Regional Unit of the Arkansas Department of Correction, filed this *pro se* action pursuant to 42 U.S.C. § 1983, claiming it is a violation of his rights to free exercise of religion to be charged medical co-pays or court filing fees. After carefully reviewing the documents submitted by Plaintiff, the Court concludes that Plaintiff's claims are frivolous and he has failed to state a claim upon which relief may be granted. Accordingly, the Court recommends that Plaintiff's Complaint be dismissed with prejudice, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

## II. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under §1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

### III. Facts and Analysis

Plaintiff, who was committed to the Arkansas Department of Correction in 2005 on a probation violation for failing to pay restitution and fees following a criminal conviction, has filed this action charging that the assessment of fees against his inmate trust account violates his civil rights. In his Complaint (docket entry #2) Plaintiff states that he is a "Disciple of Jesus Christ" and follows the Biblical law to "Owe no man any thing but to love one another: for he that loveth another hath fulfilled the law." *Romans* 13:8 (King James). He adds that "charging me fees for doctor's visits, fees for filing lawsuits or a habeas corpus . . . is contrary to the doctrine of Jesus, thus hindering me from obeying the doctrine of my Savior to the salvation of my soul." He seeks not only for the State of Arkansas to pay his debts, but also a monetary award for damages.

Assuming for the sake of argument that Plaintiff has correctly interpreted Paul's words on the subject, this is not sufficient to state a constitutional claim. According to RIGHTS OF PRISONERS, which contains an exhaustive outline of prisoner co-pay plans for medical care in the twenty-five

states that have implemented such programs, challenges to the constitutionality of these fees have "not been successful" despite raising "a variety of constitutional grounds." 1 MICHAEL B. MUSHLIN, RIGHTS OF PRISONERS §3:24 (3d ed. 2008).  Generally, so long as the health care scheme comports with the Eighth Amendment's prohibition on cruel and unusual punishment, there is no constitutional violation so long as the indigent prisoners are not deprived of necessary care.  *See e.g., City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 245 (1983); *Hutchinson v. Belt*, 957 F. Supp. 97 (W.D. La. 1996)(holding that the co-payment policy was rationally related to a legitimate governmental issue since it applied "negative reinforcement to the human tendency to overuse health care services by a third party"); *Gardner v. Wilson*, 959 F. Supp. 1224 (C.D. Cal. 1997); *Mourning v. Correctional Medical Services, (CMS) of St. Louis, Mo.*, 300 N.J. Super. 213, 692 A.2d 529 (App. Div. 1997)(holding that statute mandating inmate co-payment of medical expenses did not raise Eighth Amendment or due process violations and finding that the statute furthered an important state objective of containing health care costs); *Reynolds v. Wagner,* 936 F. Supp. 1216 (E.D. Pa. 1996), *aff'd*, 128 F.3d 166 (3d Cir. 1997); *Robinson v. Fauver*, 932 F. Supp. 639 (D.N.J. 1996)(requiring inmates who received money from outside sources to pay for medical care did not violate the Equal Protection Clause; state furthered legitimate governmental interest in "defraying the burgeoning cost of inmate medical care"); *Bihms v. Klevenhagen*, 928 F. Supp. 717 (S.D. Tex. 1996)(medical co-payment system did not violate the Eighth Amendment).  Plaintiff has not alleged that he has been denied health care because of his religious beliefs, only that he should not have to pay the Arkansas Department of Correction's charges for that health care.  The Court is not persuaded by Plaintiff's argument.

Similarly, the Eighth Circuit has rejected prisoners' claims that the assessment of a filing fee under the Prison Litigation Reform Act is unconstitutional.  *See e.g.*, *Lyon v. Kol*, 127 F. 3d 763 (8th

Cir. 1997), citing *United States v. Kras*, 409 U.S. 434, 450 (1973)(no constitutional requirement that court fees always be waived if a litigant is indigent); *Lumbert v. Illinois Dep't of Corrections*, 827 F.2d 257, 259 (7th Cir. 1987)(reasonable costs may be imposed on persons who want to sue without unconstitutionally burdening the right to court access).   The Court finds no merit to Plaintiff's claims that he should be allowed to avoid the payment of filing fees that have already been assessed against him, based on his own interpretation of the Bible.   For all these reasons, the undersigned recommends that Plaintiff's Complaint be dismissed, as frivolous and failing to state a claim, and that dismissal of this action constitute a "strike" under 28 U.S.C. § 1915(g).

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED that this action be DISMISSED, and that dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this   29   day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . .